UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PERRY GRIGGS,

        Petitioner,

v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK,

        Respondent.

**DECISION AND ORDER**

6:24-CV-06039 EAW

---

*Pro se* Petitioner Perry Griggs ("Petitioner"), a prisoner currently confined at the Clinton Correctional Facility, filed a petition seeking relief pursuant to 28 U.S.C. § 2254. Petitioner alleges that his conviction in New York State Supreme Court, Erie County, on October 3, 2011, was unconstitutionally obtained. (Dkt. 1).

On January 31, 2024, the Court entered an order granting Petitioner's application to proceed *in forma pauperis*, directing him to show cause why the instant petition is not time-barred under 28 U.S.C. § 2244(d), and providing him with a § 2254 Timeliness Response Form. (Dkt. 3). Petitioner filed his response within the deadline set by the Court. (Dkt. 5). For the reasons discussed below, the petition is dismissed as untimely.

**DISCUSSION**

**I.    SECOND OR SUCCESSIVE PETITION**

On January 2, 2019, Petitioner filed a petition for a writ of habeas corpus under § 2254 challenging the same state court conviction that he challenges here. *Griggs v. Miller*, Case No. 6:19-cv-6005-FPG (W.D.N.Y. Jan. 2, 2019), Dkt. 1 (hereinafter "*Griggs*

*v. Miller*" or "2019 petition"). Although Petitioner has filed two § 2254 habeas petitions challenging the same conviction, the Court finds that the instant petition is not a second or successive petition because the Court did not reach the merits of the 2019 petition but dismissed it without prejudice on motion by Petitioner. *See Muniz v. United States*, 236 F.3d 122, 127 (2d Cir. 2001) (observing that a dismissal on the merits renders a subsequent petition second or successive). Additionally, although there was some question as to the timeliness of the 2019 petition, *see Griggs v. Miller*, Dkts. 5, 11, 20, it was not dismissed as untimely, *see Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that dismissal of a § 2254 petition as untimely "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' under § 2244(b)").

## II.  TIMELINESS OF THE INSTANT PETITION

A § 2254 petition must be filed within one year of the date that the petitioner's state judgment became final, 28 U.S.C. § 2244(d)(1)(A), or, "if a petitioner raises newly discovered evidence, one year from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *Jimenez v. Stanford*, 96 F.4th 164, 184 n.23 (2d Cir. 2024) (quoting 28 U.S.C. § 2244(d)(1)(D)). Under § 2244(d)(1), the limitations period can also run from the latest of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action" or "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(B)-(C). Petitioner does not contend that an impediment created by State action prevented his filing or that the Supreme Court has newly recognized a constitutional right applicable to his case and made it retroactive for the purpose of collateral review. Accordingly, neither subsection (B) or (C) apply here.

### A.     28 U.S.C. § 2244(d)(1)(D)

Petitioner contends the instant petition is timely because he only recently discovered the facts underlying his ineffective assistance of counsel claim. (Dkt. 5 at 1).

Subsection 2244(d)(1)(D) "resets the limitations period's beginning date, moving it from the time when the conviction became final . . . to the later date on which the particular claim accrued." *Chettana v. Racette*, No. 9:15-CV-0028 (MAD), 2016 WL 447716, at *5 (N.D.N.Y. Feb. 4, 2016) (ellipsis in original) (quoting *Herring v. Superintendent*, No. 09 CIV 7610 (BSJ)(JCF), 2010 WL 5463869, at *3 (S.D.N.Y. Dec. 2, 2010) (quoting *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)), *report and recommendation adopted*, No. 09 CV 7610 (BSJ)(JCF), 2010 WL 5396081 (S.D.N.Y. Dec. 29, 2010)). The Second Circuit has stated that:

> [t]he determination of the date on which the factual predicate for a habeas claim is first discoverable is a "fact-specific" inquiry which requires a district court to analyze the factual bases of each claim and to determine when the facts underlying the claim were known, or could with due diligence have been discovered.

*Rivas v. Fischer*, 687 F.3d 514, 534 (2d Cir. 2012) (citing *Wims*, 225 F.3d at 190).

Here, the Court must determine "when a duly diligent person in [P]etitioner's circumstances would have discovered" the facts supporting his ineffective assistance of

counsel claim. *Wims*, 225 F.3d at 190. "Evidence is not newly discovered simply because a petitioner did not possess it until recently; if evidence could have been obtained earlier, 'the date when the evidence was actually obtained has no effect on the [Anti-Terrorism and Effective Death Penalty Act ("AEDPA")] limitations period.'" *Bryant v. Thomas*, 274 F. Supp. 3d 166, 180 (S.D.N.Y. 2017) (quoting *Duamutef v. Mazzuca*, No. 01CIV 2553WHPGWG, 2002 WL 413812, at *9 (S.D.N.Y. Mar. 15, 2002)).

Petitioner asserts a Sixth Amendment right to counsel violation based on trial counsel's alleged failure to investigate Petitioner's mental health. (Dkt. 1 at 6-7). Petitioner appears to argue that this failure deprived him of a fair trial because without the full information regarding Petitioner's cognitive impairment, counsel did not argue that Petitioner could not have knowingly and intelligently waived his right to counsel. (*Id.*). Petitioner contends his new evidence resets the limitations period because he did not discover the evidence until August 2022, and he filed a New York Criminal Procedure Law ("C.P.L.") § 440 petition that tolled the § 2254 limitations period, rendering his instant petition timely. (Dkt. 5 at 1). More specifically,

> On Oct[ober] 25, 2021[,] trial counsel sent [P]etitioner a letter indicating what he compiled in [Petitioner's] trial file pertaining to his mental health. He admitted that he did not have "much." He suggested that [Petitioner] investigate and obtain past and present psychiatric records before filing any motions to make sure they were meritorious. By way of [a] FOIL request in August of 2022 [Petitioner] received records from a private investigator indicating that [Petitioner] suffer[s] from impaired cognitive function which negatively effects [his] ability to understand, concentrate, sustain attention and rationalize. [Petitioner] did not know that [he] suffered from this condition. [Petitioner] informed [his] trial counsel about [his] bipolar diagnosis during trial, but [counsel] did not investigate. The mental retardation diagnosis is new to [Petitioner].

(*Id.*).

"Newly discovered evidence is, by definition, incapable of discovery through counsel's [or a petitioner's] due diligence before or during trial." *Hector v. Greiner*, No. 99 CV 7863 FB, 2000 WL 1240010, at *1 (E.D.N.Y. Aug. 29, 2000) (citing *United States v. Middlemiss*, 217 F.3d 112, 122 (2d Cir. 2000)). Thus, "[e]vidence in existence at an earlier date, though perhaps unknown to a petitioner, cannot later be described as newly discovered." *Id.*; *see also Chettana*, 2016 WL 447716, at *5 ("If the facts or evidence existed at an earlier date, even if unknown to a petitioner, it cannot later be described as 'newly discovered.'") (citing *Rivas*, 687 F.3d at 535).

Petitioner indicates that medical records reflecting a mental health diagnosis were available at trial. (Dkt. 5 at 1 (stating that he informed trial counsel about his bipolar diagnosis)). But neither Petitioner's petition (Dkt. 1) nor his response (Dkt. 5) indicate when the medical records he received in 2022 were recorded. Regardless, if the medical records reflecting Petitioner's cognitive impairment diagnosis were recorded before Petitioner's conviction, i.e., if Petitioner was diagnosed with cognitive impairment before his conviction, the evidence existed and was capable of discovery through due diligence before or during trial. Therefore, the medical records are not new evidence. Accordingly, § 2244(d)(1)(D) does not apply to reset the limitations period.[1]

---

[1] Petitioner does not indicate when he was diagnosed with cognitive impairment. If Petitioner's cognitive impairment diagnosis came after his conviction, his ineffective assistance claim is meritless because trial counsel could not be ineffective for failing to make an argument based on evidence that did not exist.

B. **28 U.S.C. § 2244(d)(1)(A)**

Because § 2244(d)(1)(D) is inapplicable, the start-date for the limitations period is found in § 2244(d)(1)(A). Under subsection (A), a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of *certiorari* or when the time to seek *certiorari* has expired, which is 90 days following the date on which direct review by the state's highest court is complete. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires."); U.S. Sup. Ct. R. 13(1).

On October 3, 2011, a judgment of conviction on one count of first-degree robbery was entered against Petitioner in New York State Supreme Court, Erie County. (Dkt. 1 at 1). The Appellate Division affirmed Petitioner's conviction on May 9, 2014. *People v. Griggs*, 117 A.D.3d 1523 (4th Dep't 2014). On January 27, 2015, the New York Court of Appeals granted Petitioner leave to appeal. *People v. Griggs*, 24 N.Y.3d 1120 (2015). On June 14, 2016, the Court of Appeals affirmed the Appellate Division's decision. *People v. Griggs*, 27 N.Y.3d 602 (2016). The Court of Appeals denied Petitioner's motion for reargument on September 20, 2016. *People v. Griggs*, 28 N.Y.3d 957 (2016). He did not seek a writ of *certiorari* from the United States Supreme Court. *See Griggs v. Miller*, Dkt. 1 at 2. Accordingly, for purposes of § 2244(d)(1)(A), the date on which the conviction became final was December 19, 2016; in other words, 90 days after the date the New York

Court of Appeals denied Petitioner's motion for reargument. *See Rosa v. Walker*, No. 00-CV-2059(RR), 2002 WL 1467737, at *2 (E.D.N.Y. May 10, 2002) ("Rosa's judgment became final on January 28, 1999, 90 days after the October 30, 1998 denial of his motion for reargument by the Court of Appeals." (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 68 (2d Cir. 2001) (calculating 90-day period to seek *certiorari* review from date the Court of Appeals denied motion for reconsideration of denial of leave to appeal))).

Thus, Petitioner had one year from December 19, 2016, or until December 19, 2017, to file his petition. Because Petitioner is incarcerated and unrepresented, the date he filed the instant petition is determined by reference to the prison mailbox rule, which "provides that a *pro se* prisoner's habeas petition is deemed filed at the moment he gives it to prison officials." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (collecting cases). Because there is nothing in the docket to indicate when Petitioner handed his papers over to prison officials for mailing, the Court finds that the instant petition was filed on January 12, 2024, the date on which he signed it. (Dkt. 1 at 9); *see Corrigan v. Barbery*, 371 F. Supp. 2d 325, 328 n.4 (W.D.N.Y. 2005).

Because the limitations period expired more than six years before Petitioner filed the instant petition, it must be dismissed as untimely unless Petitioner can show that (1) the statute of limitations should be statutorily tolled under § 2244(d)(2) or (2) equitable tolling of the limitations period is warranted, *see Holland v. Fla.*, 560 U.S. 631, 645 (2010).

1. **Statutory Tolling**

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A state court application is "pending" for the purpose of § 2244(d)(2) from the time of filing "until the application has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*).

As relevant here, Petitioner filed three motions to vacate his conviction under C.P.L. § 440.10. (Dkt. 1 at 4; Dkt. 5 at 3); *see also Griggs v. Miller*, Dkt. 4 at 1-2. The first C.P.L. § 440.10 motion was filed on July 25, 2017. *See Griggs v. Miller*, Dkt. 4 at 1-2. The second and third were filed on November 17, 2022, and March 31, 2023, respectively. (Dkt. 1 at 4; *see also* Dkt. 5 at 3). They apparently were consolidated into one application. (*See id.*).

Because his first C.P.L. § 440 motion was filed before the limitations period expired, Petitioner is entitled to tolling for as long as that motion was pending, i.e., from the time of filing until final resolution through state post-conviction procedures. As of July 25, 2017, the date the first C.P.L. § 440.10 motion was filed, 218 days had elapsed on the limitations period which, as noted above, started running on December 19, 2016. Petitioner thus had 147 days remaining on the one-year clock. *See Carey*, 536 U.S. at 219. The motion was denied by the lower court on March 22, 2018, and leave to appeal was denied on October 24, 2018. *Griggs v. Miller*, Dkt. 4 at 1-2; *see Evans v. Senkowski*, 228 F. Supp.

2d 254, 262 (E.D.N.Y. 2002) (holding that the statute of limitations was tolled "from the filing of the First Section 440 Motion until the denial of appeal by the Appellate Division" (citing *Gomez v. Duncan*, No. 02CIV0846LAPAJP, 2002 WL 1424584 *3 (S.D.N.Y. July 1, 2002); *Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir. 2000), *superseded by statute on other grounds as stated in Saunders v. Senkowski*, 587 F.3d 543, 549 (2d Cir. 2009)). The limitations period therefore began running again on October 24, 2018, and expired 147 days later, on March 20, 2019.

The second and third C.P.L. § 440.10 motions were filed on November 17, 2022, and March 31, 2023, the lower court apparently consolidated the motions and denied them on August 1, 2023, and the Appellate Division denied Petitioner's application for a certificate granting leave to appeal on November 27, 2023. (Dkt. 1 at 4; Dkt. 5 at 3). Although a C.P.L. § 440.10 motion that is filed before the habeas statute of limitations has expired tolls the limitations period during the time it is pending, Petitioner's second and third C.P.L. § 440.10 motions did not toll the statute of limitations because they were not filed until *after* the statute of limitations had already expired. *See Davis v. Racette*, 99 F. Supp. 3d 379, 386 (E.D.N.Y. 2015) ("Because Petitioner filed his 440 Motion on April 29, 2010, well after the one year grace period had expired on April 24, 1997, he cannot avail himself of statutory tolling." (citing *Plato v. Morrissey*, 638 F. Supp. 2d 338, 345 (W.D.N.Y. 2009))). Furthermore, the filing of the second and third motions did not reset the statute of limitations period. *See Smith*, 208 F.3d at 17. Accordingly, Petitioner is not entitled to sufficient statutory tolling to render the instant petition timely under § 2244(d)(1)(A).

### 2. Equitable Tolling

"[Section] 2244(d) is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645 (collecting circuit authority); *see also Smith*, 208 F.3d at 17. One reason to extend equitable tolling is a petitioner's "credible and compelling" showing of actual innocence. *Cosey v. Lilley*, 62 F.4th 74, 80-81 (2d Cir. 2023). Because Petitioner does not make any argument that he is actually innocent of his crime of conviction, equitable tolling will be extended "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); emphasis deleted in original).

"Whether 'extraordinary circumstances' justify equitably tolling the limitations period is a highly case-specific inquiry." *Salas v. United States*, No. 14-CV-1915 (SLT), 2015 WL 260574, at *2 (E.D.N.Y. Jan. 20, 2015). The term "extraordinary" refers to "how severe an obstacle it is for the [individual] prisoner endeavoring to comply with AEDPA's limitations period." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). Once he has established that he was faced with extraordinary circumstances, Petitioner must "demonstrate a causal relationship between [his] extraordinary circumstances . . . and the lateness of his filing, a demonstration that cannot be made if . . . [P]etitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Although Petitioner's filings indicate that he suffers from "mental retardation and borderline intellectual functioning which negatively effects his ability to rationalize, comprehend, concentrate, and sustain attention," (Dkt. 1 at 6), he does not contend that his cognitive impairment is an extraordinary circumstance that prevented him from timely filing his habeas petition. (*Id.* at 6-7). Instead, he argues that he could not file his petition sooner because he only recently obtained the evidence that supports the ineffective assistance of counsel ground asserted in his instant petition. But § 2244(d)(1)(D) does not operate to "convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Chettana*, 2016 WL 447716, at *5 (quoting *Lucidore v. N.Y. State Div. of Parole*, No. 1:99-CV-2936, 1999 WL 566362, at *5 (S.D.N.Y. Aug. 3, 1999)). As the Court stated above, if Petitioner's medical records existed and were capable of discovery at trial, they cannot now be relied upon as "newly discovered." *Rivas*, 687 F.3d at 535.

Even assuming arguendo that Petitioner's cognitive impairment is an extraordinary circumstance, *see Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) ("medical conditions, whether physical or psychiatric, can manifest extraordinary circumstances, depending on the facts presented"), that circumstance alone is not sufficient to equitably toll the limitations period. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* Petitioner does not make any argument demonstrating that his cognitive impairment prevented him from timely filing the instant petition. Moreover, equity will not save a petitioner who has been

- 11 -

negligent or neglectful in filing his petition. *See id.* at 138 (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.") (additional citations omitted)). Petitioner's delay of more than four years after his filing deadline of March 20, 2019, and his filing of a habeas petition in 2019 challenging the same conviction challenged here, undermine any contention that Petitioner's mental health or cognitive capacity prevented him from timely filing the instant petition. Consequently, Petitioner is not entitled to equitable tolling.

## CONCLUSION AND ORDER

For the reasons discussed above, Petitioner's petition is denied as untimely. Because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly, the Court denies a certificate of appealability.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   October 2, 2024
         Rochester, New York

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court